The next case is United States v. Serrano. Good morning, Your Honors. John Wallenstein for Mr. Serrano. This case will not be nearly as interesting and certainly not as long. It's probably pretty interesting to Mr. Serrano, though. Yes, I suggest that it is interesting to Mr. Serrano. This case comes down to just a couple of simple things. Was Judge Irizarry correct in the way she formulated the sentence in that I don't believe that she articulated the appropriate reasons for giving Mr. Serrano the top of the guideline, 18 months, as opposed to the 6 to 12 months that I suggested to her at the time? And while she did, in fact, articulate the factors under 3553A that she considered, and certainly the guideline that she considered, I don't believe that she was sufficiently specific with respect to why she imposed 18 months rather than 12 and why 12 months was not sufficient under the circumstances. What should she have said, and equally important, if we agree with you, what should we tell the district courts they have to say, given our jurisprudence, which certainly says explicitly there's no formulaic approach to this, so that a district court in the future imposing a sentence doesn't run into the procedural problems that you're suggesting are there? Well, I agree with you that there is no specific formula. The decisions of this court are very clear on that. The judge doesn't have to be terribly detailed. So as a result, there's a range that a court can say that will pass muster. Right. Why didn't Judge or what should Judge Irizarry have said that you think is required in order for it to pass muster? I think she needed to say, look, I've considered these factors under the guidelines. I've considered the nature of the offense, which in this case, of course, was a violation of supervised release, which is a little different. She says the court has considered the nature and circumstances of the offense here. Right. That gets over your first one. All right. What else? Well, I agree that she said these are the factors that I've considered. And I think that she did articulate, I believe, almost all of the 3553A factors. But I think she then needed to say, look, you've made an argument for 12 months based on Mr. Serrano's history, based on the fact that Mr. Serrano had never prior to this sentence spent any time in jail. Even the original underlying crime, which was a mail fraud going back to 2009, I think. But I certainly understand your well-articulated argument. But in this case, she's had experience with the defendant. And much of what she's saying essentially is, I bent over backwards from her point of view to give you a chance. And you didn't do what you were supposed to do. And then she articulates the various factors. That's why I talk to young men, okay? This should prevent you from doing this, that you don't give heartache to your mother or sister or your father or anybody else in your family, and especially to yourself. The sentence should also protect the public from further crimes of the defendant and provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. Restitution has already been taken care of in this case. That being said, it is the sentence of the court that you serve 18 months of custody, followed by three years of supervised release. It seems that we're not in the position of second-guessing the district court in most circumstances. The court noted that its sentence reflected, in its view, the seriousness of the offense, the need to defer malfeasance. That was necessary to protect the public from potential future criminal conduct, given the prior behavior. And it seems that the record demonstrates that the court considered and rejected the argument that a sentence of 6 months imprisonment, or in the alternative, a sentence of a year and a day, was appropriate, looking at the record on 190 and 197. Well, I mean, she clearly rejected the argument. There's no question about that when she sentenced him to 18 months. But I'm not certain that she sufficiently articulated the reasons for giving him 18 versus 12, particularly since I think that I advanced non-frivolous arguments for the 12 months. I think that it was incumbent upon the district court at that point to say, look, I understand your argument, I get why you're asking for 12 months, but I'm not going to give it to him, and this is why. And I don't think that that was sufficiently articulated. I also think. Don't you think that by implication, at least pretty clear implication, the fact that she gave him 18 months and the reasons she stated, although I know you would like something more fulsome, is at least in significant part, insignificant part, not insignificant, an articulation of why she did not impose 12 months? Well, it was certainly an articulation that she didn't impose 12 months. I'm not sure it was sufficiently. But let's say you'd ask for 16 months and she gave 18. You'd be here making the same argument? I think if she gave 16, if I asked for 16 and she gave him 18, I would have talked my client out of going forward with this appeal because he's almost served, he's done more than the 12 months as it is as of now. So certainly I do think it makes a difference, the substantive difference between 16 and 18. But I think that 18 substantively was too high for what he did here, for the violation of the supervised release. I recognize what the underlying crime was, but I think that. Let me go back to the underlying crime. I'm sorry. Was the sentence for the underlying crime of probation and six months home detention a below-guideline sentence? Yes. And I understand that. I understand that the punishment for the probation violation is not a punishment for the underlying offense, but it is a punishment for betraying trust. And the trust that was extended here was considerable. It was, look, you've got a clean record, you've got a good job background, work history, you're telling me you're clean, and I'm going to give you a chance to demonstrate that. Then he comes in and commits a crime, at least by a preponderance of the evidence sufficient to establish a probation violation, that the court says it certainly looks like this is not a first time at the rodeo if you're selling this much quantity of drugs. So what am I to think? You're not who you purported to be. You're not continuing to behave in a way that's appropriate. Now, I would guess there's no particular science that would justify 18 months rather than 15 or rather than 12. But what she's saying is you did a very serious bad thing and you betrayed my trust, and I think the only appropriate response to that is to go to this level. I'm having trouble understanding why that's an inadequate explanation. There may be an argument of substantive unreasonableness. I'm not sure how that would work. But that at least would not be one that would be subject to plain error review because if you wanted more explanation, you could have got up and said, Judge, I don't understand why, I understand what you're saying about it's bad, but I still don't hear a reason why 12 months isn't enough to accommodate that. And I bet if you did that, she would have told you. I suspect you're right, Judge. Well, I still have a substantive argument here, though. The 18 months is substantively unreasonable, that 12 months would have been sufficient under the circumstances given his history. The quote that Judge Cashman made earlier where she spoke to was her speaking to his son, not to him, with respect to don't follow in your father's footsteps, do the right thing. I do believe that 12 months would have been a much more appropriate sentence and I think 18 months was really overkill under the circumstances. Thank you. Thank you. Good morning, Your Honors, and may it please the Court. My name is Turner Buford. I represent the United States in this appeal as well as in the proceedings before the district court. We submit that the sentence imposed here is both procedurally and substantively reasonable. The transcript makes clear that the Court appropriately considered all the relevant factors at sentencing and far from overlooking the defendant's points, we actually addressed each one of them, perhaps not in the order in which they're enumerated in the defendant's brief, but certainly within the totality of the sentencing proceeding. And while the Court may not have engaged in a specific colloquy with the defendant about why 12 months as opposed to 18, certainly the 18 months was amply justified by the Court's comments at the hearing. With respect to the substance of the sentence, we submit that the sentence within the guidelines was certainly within the bounds of acceptable outcomes and there's no justification for the Court to remand it in light of the conduct that was established in the hearing by a preponderance of the evidence. The difference between 12 months and 18 months is substantial. It is, Your Honor. But I think here it was justified by the findings the Court made not only at the hearing but then reiterated at the sentencing proceeding, which was, as was discussed earlier, the circumstances surrounding the offense itself, which was in and of itself significant, also suggested that this was not a one-time thing for the defendant. He was driving a car that was registered in his own name but had not been reported to probation. He had on him at the time of the offense over $4,000 in cash, which was four times what he had reported to probation as his monthly income. And as the Court noticed and was testified at the hearing by one of the NYPD detectives, the amount of marijuana involved here was well beyond anything that could have been used for personal use. So this had all the trappings of a drug delivery service that the evidence suggests the defendant had been running for some time and which one of the detectives testified was common in the Manhattan area where the arrest took place. For those reasons, I think the Court amply gauged the magnitude of the breach of trust and delivered the sentence that she did. I don't mean to minimize it, but I think it's justified. Unless the Court has questions, the government is content to rest on its papers. Thank you. Thank you, Your Honor. Mr. Wallenstein. I don't think that there's much that I can say that I haven't already said. So unless any of you have any questions, I think that I will rest on my papers and my argument as well. Thank you. Thank you. Thank you very much, Your Honors. Thank you. Thank you both for your arguments.